**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3026-22

DASHAND CHASE,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 5, 2024 – Decided December 18, 2024

Before Judges Walcott-Henderson and Vinci.

On appeal from the New Jersey Department of Corrections.

Dashand Chase, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief.)

PER CURIAM

Dashand Chase, an inmate at South Wood State Prison appeals from an August 18, 2022 final disciplinary decision of the New Jersey Department of Corrections (DOC), finding he committed prohibited act *.005, by threatening another with bodily harm, in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii).[1] The DOC imposed sanctions, including ninety-days restrictive housing unit (RHU), sixty-days loss of commutation time, and fifteen-days loss of recreational privileges. Chase argues the DOC violated his due process rights by imposing those penalties based on insufficient, credible evidence supporting its finding of guilt. For the reasons that follow, we reverse.

On August 15, 2022, Chase used the prison J-pay email system to send his girlfriend a lengthy email response to a question she had posed the previous day. Chase and his girlfriend had spoken via telephone and during the conversation, she reportedly asked Chase if he was gay. Chase became upset, terminated the call, and used the J-pay system the next day to send his girlfriend an email response. DOC intercepted the email.

In his two-page, single-spaced email, Chase repeatedly expressed his hatred of individuals belonging to the LGBTQ+ community, and at one point

---

[1] Under N.J.A.C. 10A:4-4.1(a)(2)(ii), an inmate who "threaten[s] another with bodily harm or with any offense against his or her person or his or her property" will be subject to disciplinary action.

stated "all these homosexual" men are "suppose[d] to die . . . ." The email also stated, "[i]f I was home and I didn't love you like I do and you said some gay shit to me I would of flamed you up . . . ." Chase's girlfriend never received the email because DOC intercepted the J-pay communication. On August 16, 2022, DOC officers took Chase to a holding cell where he was medically and mentally evaluated and cleared for placement. Chase filed an administrative appeal and requested leniency prior to the disciplinary hearing "due to be[ing] charge[-]free . . . and because the imposed sanctions are severe . . . ."

On August 17, 2022, DOC conducted an investigation and issued a Disciplinary Report which included a description of the alleged infraction, stating "Chase made threats to shoot individuals belonging to a certain group." On August 18, 2022, Chase appeared at the disciplinary hearing represented by counsel substitute. The DOC hearing officer found Chase guilty of the charge of threatening another with bodily harm. The hearing officer issued a single-page report that included a brief summary of the evidence, list of sanctions, and a brief statement under "[r]eason(s) for sanction(s)." On August 22, 2022, the DOC upheld the hearing officer's determination and sanctions imposed on Chase.

On appeal, Chase argues the hearing officer's finding of guilt is unsupported by substantial evidence and is thus arbitrary, capricious and unreasonable. He further argues the hearing officer violated N.J.A.C. 10A:4-9.24(a) by failing to provide a written statement of fact-findings, which must include the "evidence relied upon, the decision and the reason for the disciplinary action taken." Chase also disputes the hearing officer's credibility determinations, arguing that she failed to explain how she found the reporting officer's version of events more credible.

Our scope of review in an appeal from the final decision of an administrative agency is limited. In re N.J. Dep't of Env't Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. 223, 235 (App. Div. 2013) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann,192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 566, 562 (1963)). "The burden of demonstrating that the agency's action was arbitrary, capricious, or unreasonable rests upon the [party] challenging the administrative action." A.M. v. Monmouth Cnty. Bd. of Soc. Servs., 466 N.J. Super. 557, 565

(App. Div. 2021) (alteration in original) (quoting E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010)).

N.J.A.C. 10A:4-9.24(a) provides

> After the hearing has been completed, a written statement of the fact-findings shall be given to the inmate by the [d]isciplinary [h]earing [o]fficer, the [a]djustment [c]ommittee [c]hairperson, or by [d]isciplinary [s]taff. This statement shall include evidence relied upon, the decision and the reason for the disciplinary action taken, unless doing so would, in the discretionary opinion of the [d]isciplinary [h]earing [o]fficer or [a]djustment [c]ommittee [c]hairperson, jeopardize correctional facility security.

In his brief, Chase admits that he made "a harsh and emotional statement during the J-pay e-mail . . . ." He argues that he made the statement, not as a threat, but to convince his girlfriend he was not gay. He also insists he has "no issue" with the LGBTQ+ community.

At the outset, we reject the notion Chase's J-pay email constituted a threat to LGBTQ+ inmates, others or his girlfriend; none of whom received the email. We recognize the DOC's concern and interest in preventing inmates from threatening each other or making threats against others. However, Chase's email, though vulgar, reprehensible, and distressing, does not constitute a clear and unambiguous threat based upon the objective analysis required under Jacobs v. Stephens, 139 N.J. 212 (1995).

A-3026-22

In Jacobs, our Supreme Court addressed whether a comment made by an inmate to a corrections officer constituted a threat. The corrections officer had asked the inmate, Jacobs, for his identification card and he responded, "[f\*\*\*] you, I ain't giving you s[\*\*]t. If you want my I.D., step in the back room." Id. at 216. Another witness reported that as the officer turned to walk away, Jacobs stated, "come on, come on[,] I'll f[\*\*\*] you up." Ibid. On appeal, Jacobs argued there was insufficient evidence to support the conclusion that he threatened the officer with bodily harm. Id. at 222. He asserted that while he used abusive language, he did not intend to threaten the officer. Ibid.

Our Supreme Court held that "[t]he determination of whether a remark constitutes a threat is made on the basis of an objective analysis of whether the remark conveys a basis for fear." Ibid. And, a reasonable mind could conclude that Jacobs had threatened the officer. Id. at 223. The Court noted, however, that other witnesses heard him make additional threatening comments. Id. at 223-24. It stated, "[w]hen words of an inmate are of such a nature as would reasonably convey the menace or fear of death to the ordinary hearer, then that is a threat of bodily harm and therefore punishable under N.J.A.C. 10A:4-4.1(a)\*.005." Id. at 224.

Here, Chase's email was directed to his girlfriend and allegedly offered to explain that he is not gay and how offended he was by her question. Unlike Jacobs, there were no witnesses to Chase's words although they are memorialized in the email. Id. at 223-24. His specific comments and disdain for the LGBTQ+ community, however, were not directed at any particular person and there is nothing in the record to support a finding that Chase intended to harm any of his fellow inmates who may be gay, or his girlfriend. See Id. at 224. We are not persuaded that Chase's unsent email reasonably conveyed any menace or put any individual in fear of death to constitute a true threat of bodily harm. Ibid.

Finally, we add that the hearing officer's statement of reasons was wholly deficient and unsupported by substantial, credible evidence of Chase's guilt. For these reasons as well, the hearing officer's determination that Chase was guilty of threatening another with bodily harm in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii) was arbitrary, capricious, and unreasonable and contrary to N.J.A.C. 10A:4-9.24(a).

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3026-22